**CASE BUDGETING AND PAYMENT OF COURT-APPOINTED COUNSEL IN APPEALS ARISING OUT OF STATE OR FEDERAL CAPITAL CONVICTIONS**

---

## CAPITAL CASE BUDGETING

**For Attorneys Appointed on or After September 1, 2010**: In an effort to assist both attorneys and the court  in determining what compensation will be available to a lawyer in a given case, the chief judge has implemented a few basic guidelines which, in some cases, will require the submission of a proposed budget.

Our research shows that CJA attorneys in capital habeas cases average approximately 300 hours per appeal, 100 additional hours per petition for certiorari (if filed), and 120 additional hours per clemency petition (if pursued).  These averages reflect the total for the case, with hours for multiple attorneys being combined if more than one attorney has been appointed in the case.  If the attorneys in the case intend to stay within these hours as to each segment of representation, then no proposed budget needs to be submitted.

If counsel anticipates from the outset that representation will exceed the normal number of hours of work as to any segment of the case, then counsel must submit within 3 weeks after appointment, an ex parte, sealed proposed initial litigation budget for court approval, separately addressing each of the stages of representation.  The budget should be submitted in paper form to the attention of the CJA Deputy, Fourth Circuit Clerk's Office, 1100 East Main Street, Suite 501, Richmond, Virginia, 23219.  The budget should detail the estimated number of hours required for each of the categories established for payment under the CJA:  15(a) in-court hearings; 15(b) interviews and conferences with client; 15(c) witness interviews; 15(d) consultation with investigators and experts; 15(e) obtaining and reviewing the court record; 15(f) obtaining and reviewing documents and evidence; 15(g) consulting with expert counsel; 15(h) legal research and writing; 15(i) travel time; and 15(j) other work.  The submission should include a detailed explanation of why the estimated hours are reasonably necessary for representation in the case.

If during the representation, whether there is a budget or not, an attorney believes that the time needed to properly represent the client requires the expenditure of more time than that allotted, then counsel must promptly submit a request for approval of a specific number of additional hours and a detailed explanation of why the need was not foreseen and why the additional hours are reasonably necessary for representation in the case.

Upon receipt of the budget or a request for additional time, the chief judge or his designee will promptly inform the attorney whether additional hours will be permitted and, if so, how many.

---

1

03/01/2011

**COMPENSATION**

**Hourly Rates:**  Hourly rates paid in capital cases are up to $178 per hour for both in-court and out-of-court time ($175 per hour for work between March 11, 2009 and December 31, 2009; $170 per hour for work between January 1, 2008, and March 10, 2009). Due to the complex and extended nature of capital cases, the CJA does not set a ceiling on total compensation.  Counsel in capital cases must append a memorandum to their voucher providing sufficient detail regarding counsel's services in the case to demonstrate that counsel's claim for compensation is reasonable.

**Breakdown of Attorney Time:**  Attorney time must be documented on the worksheet enclosed for this purpose, or like form.  Time must be broken down according to date, description of services, amount of time in hours and tenths of an hour, and according to the following categories established for payment under the CJA: 15(b) interviews and conferences with client; 15(c) witness interviews; 15(d) consultation with investigators and experts; 15(e) obtaining and reviewing the court record; 15(f) obtaining and reviewing documents and other evidence; 15(g) consulting with resource center; 15(h) legal research and writing; 15(i) travel time; and 15(j) other work.  Use of the enclosed worksheet facilitates the court's review of counsel's request for compensation, but billing records may be submitted in place of the worksheet so long as all hours claimed are assigned to one of the nine CJA categories and the totals for each category are listed on the face of the voucher.

**What Time May Be Claimed:**  Counsel may claim in this court all time spent representing the client on appeal, after filing of the notice of appeal through preparation of a petition for writ of certiorari, and completion of any applicable clemency proceedings.  Counsel's obligation upon appointment on appeal extends through advising the client of the right to file a petition for writ of certiorari and filing such a petition if requested.  If counsel believes that a petition for writ of certiorari would be frivolous, counsel may, in lieu of filing the petition, file a motion to withdraw in this court.  Claims which include work performed on a petition for writ of certiorari or application for clemency must be supported with a copy of the petition or application.

**Whose Time May Be Claimed:**  Court-appointed counsel may claim compensation for their own time.  Court-appointed counsel may also seek prior court authorization to use the services of attorneys who work in association with appointed counsel, provided that the employment of such additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet time limits.  Once such authorization has been obtained and associated counsel has entered an appearance in the case,  court-appointed counsel may include the associated attorney's time on court-appointed counsel's voucher, separately identifying the provider of each service.  Compensation may not be claimed for work performed by non-attorneys; however, a CJA Form 31 may be used to pay for services provided by paralegals at an hourly rate of $35, and for services provided by law clerks at an hourly rate of $50, if such services will result in greater efficiency and lower costs for the CJA program.  If the total cost of such services will exceed $800, advance authorization is required.  Secretarial services are not reimbursable.

2

03/01/2011

**EXPENSES**

**Travel Expenses:**  The only travel expenses subject to reimbursement are those incurred by appointed counsel.  The Court will not pay travel expenses for non-appointed co-counsel or student counsel.  Counsel traveling to Richmond to present oral argument should request a Travel Authorization from the clerk's office promptly after receiving notice that the case has been scheduled for argument.  The Travel Authorization entitles counsel to obtain government travel rates and authorizes counsel to make plane and train reservations through Omega World Travel (Omega).  If reservations are made through Omega, the clerk's office will make payment directly to the carrier after verifying that counsel used the reservation.  If plane or train reservations are not made through Omega, counsel should claim reimbursement for the plane or train ticket on the CJA 30 voucher.  If the ticket was more expensive than the government rate that could have been obtained through Omega, reimbursement will be limited to the government rate.   Mileage expenses of 51 cents per mile for travel on or after January 1, 2011 (50 cents per mile for travel between January 1, 2010, and January 1, 2011) may be claimed by itemizing on the enclosed expense worksheet the date, destination, and number of miles traveled.  Court-appointed counsel are eligible for government hotel rates, but should make their reservations directly with the hotel rather than through Omega.  One night's lodging and meals while on travel will be reimbursed at an actual expense rate not in excess of $294 for travel to Richmond.  Subsistence expenses for travel to present argument at locations other than Richmond will likewise be reimbursed within limitations applicable to federal employees.  **All** travel expenses (lodging, meals, parking, ground transportation) must be supported by receipts.  Receipts for meals and lodging must be sufficiently detailed to establish that reimbursement is not being sought for alcoholic beverages, safe deposit boxes, in-room movies or other expenses which are not reimbursable under the CJA.  For this reason, the **hotel or restaurant bill**, rather than a credit card receipt must be submitted.  Reimbursement for significant travel other than for argument will be made only if counsel obtained leave of court before incurring the expense, upon a showing of specific need for the travel and the expenses to be incurred.  Counsel traveling to a location for more than one representation must maintain their records in a manner that prevents submission of duplicate travel reimbursement claims.

**Record and Copying Expenses:**  CJA counsel are not required to pay court copy charges in CJA cases.  The district court's PACER docket and electronic documents are accessible through a link to the district court docket number from the appellate docket.  The "View multiple documents" option for running a PACER docket report enables counsel to select which documents to combine into a single record for printing or saving.  Counsel should use a fee exempt PACER account when accessing electronic documents in CJA cases since PACER charges, like copy charges, are not reimbursable under the CJA.  Counsel should register for a fee exempt PACER account for use in CJA cases at http://www.pacer.gov.  Transcripts may be requested from the court reporter in either paper or electronic form.  Upon receiving the transcript, counsel is responsible for requesting redaction of any private or sensitive data before the transcript is made publicly available on the district court's electronic docket, in accordance with the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files.

For copies made in-house, counsel may obtain reimbursement of actual expenses, not to exceed $.15 per copy, by itemizing on the enclosed expense worksheet the dates, number of copies, and

3

03/01/2011

cost per page. Counsel may claim reimbursement for copying portions of the record for the defendant, up to $75, and for providing defendant with a copy of the briefs and joint appendix. For photocopying of briefs and appendices by commercial printers, reimbursement for actual expenses not to exceed $.35 per sheet may be obtained by submitting a receipt detailing what was copied, number of copies, and cost per copy. Double-sided copying must be used for appendices prepared by commercial printers. Under Local Rule 32(a), no appendix in a court-appointed case may exceed 500 pages (or 250 double-sided sheets if commercial copying is used) absent advance permission from the court. Unless counsel has obtained leave to file an oversize appendix, reimbursement will be limited to the pages allowable under Local Rule 32(a). In addition, counsel may be required to bear any additional costs associated with resubmitting corrected briefs and appendices in cases where counsel did not follow the court's rules in the initial submission. If a commercial printer prepares the briefs and appendix, a separate application may be made on CJA Form 31 for direct payment of printing bills, in excess of $100, to the printer. Petitions for rehearing must be copied in-house. Because Rule 14(1)(i) of the Supreme Court Rules requires only a limited appendix to accompany a petition for writ of certiorari, copying costs for petitions for writs of certiorari and accompanying appendices shall not exceed $800 absent advance permission of the court of appeals.

**Long Distance Telephone Calls and Facsimile Charges:** Counsel may claim reimbursement for long distance phone calls and facsimile charges by itemizing on the enclosed expense worksheet the date and amount of long distance charge. If the amount exceeds $50, a copy of the bill is required. Any other charge associated with use of counsel's phone or fax equipment is considered non-reimbursable office overhead.

**Postage and Courier Charges:** Delivery charges may be claimed by itemizing on the enclosed expense worksheet the date, description of expense, and cost. Any expense in excess of $50 must be supported by a detailed receipt. Briefs and appendices are deemed filed upon first-class mailing or dispatch to a commercial courier for delivery within three days, and counsel are expected to minimize the use of special services such as same day or overnight delivery.

**Computer Assisted Legal Research:** The cost of use by appointed counsel of computer assisted legal research equipment may be allowed as a reimbursable expense, provided that the amount claimed is reasonable. Claims for reimbursement for computer assisted legal research must be supported with a copy of the bill and receipt for the use of the legal research services or an explanation of the precise basis of the charge (e.g., indicating the extent to which it was derived by proration of monthly charges or by charges identifiable to the specific research). If the amount claimed is in excess of $500 or if it includes costs for downloading or printing, counsel should include a brief justification. Payment for research services performed by employees of a computer legal research firm is made on a CJA Form 31, upon a showing that the total amount charged for the services is reasonable. If the total cost of such services will exceed $800, advance authorization is required.

**Interpreter and Translation Services**: Counsel requiring interpreter or translator services should contact the district court for a listing of interpreters and request advance authorization from the court of appeals, setting forth the estimated cost at a rate not in excess of $55 per hour (for interpreters) or $150 per 1,000 words (for document translation).

03/01/2011

## CLAIM PROCEDURE

**When to Apply:**  The court will send counsel two CJA 30 pay vouchers along with instructions when judgment is entered.  Separate vouchers must be filed for work done in connection with the appeal and for work done in connection with any petition for writ of certiorari.  The vouchers must be filed within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for certiorari, whichever is later.  Counsel may request an additional voucher for other proceedings, such as clemency applications.  Any voucher for work done in connection with clemency proceedings must be filed within 60 days of completion of those proceedings.  If undue hardship is caused by extraordinary and substantial expenses and case delay, counsel may request in writing the issuance of an interim voucher, setting forth in detail the reasons for the request.  Vouchers must be carefully reviewed prior to submission to ensure that they do not contain errors, duplicate claims, or other improper charges.  Vouchers are filed in paper form, not in electronic form.

**What to Submit:**  Counsel must submit the CJA 30 pay voucher, the worksheets itemizing counsel's services and expenses, and all receipts.  Counsel must attach a memorandum outlining the services provided in sufficient detail for the court to assess the reasonableness of the claim for compensation.  Receipts are required for all travel expenses, non-office copying services, and any other expense in excess of $50.  Hotel and restaurant bills are required for lodging and meal expenses.  If counsel is seeking reimbursement for a plane or train ticket that was not purchased through Omega Travel, counsel must submit a copy of the ticket or receipt and the Travel Authorization obtained from the clerk's office and must include a statement that the ticket cost less than the government rate available through Omega.  If counsel purchased a plane or train ticket through Omega Travel, Omega will submit the claim to the Court and receive direct payment.  If counsel is claiming compensation for time spent preparing a petition for writ of certiorari or application for clemency, a copy of the petition or application is required.  If counsel is seeking payment for services provided by a legal research firm, paralegal, legal assistant, law student, or law clerk, a CJA Form 31 (available at www.ca4.uscourts.gov) must be completed.

**Records:**  Counsel must maintain contemporaneous time and expense records for all work performed and expenses incurred.  The records must be maintained by counsel for three years because the Criminal Justice Act makes vouchers subject to audit for three years after approval of payment.  Any overpayments are subject to collection including deduction from amounts due on future vouchers.

**Questions:**  Please direct any questions to Patty Layne, CJA Deputy, in the clerk's office at 804-916-2727.  For complete CJA guidance, including historical rate information, see:
http://www.uscourts.gov/uscourts/cjaort/index.html
http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel.aspx.

03/01/2011

CJA 19 (Rev. 4/01)

## NOTICE TO COURT-APPOINTED COUNSEL
## OF PUBLIC DISCLOSURE OF ATTORNEY FEE INFORMATION

The Criminal Justice Act (CJA), 18 U.S.C. § 3006A, was amended in 1998 to require that the amounts paid to court-appointed attorneys be made publicly available upon the court's approval of the payments. Although the amended paragraph of the statute, § 3006A(d)(4), expired after two years and thus only applies to cases commenced between January 25, 1998, and January 24, 2000, the corresponding guideline (paragraph 5.01 of the Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Volume VII, *Guide to Judiciary Policies and Procedures*) continues as a matter of Judicial Conference policy. The court may disclose an unredacted copy of a payment voucher submitted by defense counsel, or a redacted copy of a voucher indicating only the amounts approved for payment according to categories of services listed in the statute. The extent of disclosure depends on whether the case is pending and on whether the court determines that certain interests (listed below in part B.1) require the redaction of detailed information on the voucher. Upon court approval of a voucher claim, payment information will be made available as follows:

**A. BEFORE OR DURING THE TRIAL:** After redacting any detailed information provided to justify the expenses, the court shall make available to the public only the amounts approved for payment. Upon the completion of trial, unredacted copies of the vouchers may be released, depending on whether an appeal is being pursued and whether the court determines that one or more of the interests listed in part B.1 require the redaction of information.

**B. AFTER THE TRIAL IS COMPLETED:** The court shall make available to the public either redacted or unredacted vouchers as follows:

**1. If trial court proceedings have been completed and appellate review is not being pursued or has concluded at the time payment is approved:** The court shall make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed below justify limiting disclosure to the amounts approved for payment in the manner described in part A. The interests that may require limiting disclosure include:

(1) the protection of any person's 5th Amendment right against self-incrimination;
(2) the protection of the defendant's 6th Amendment right to effective assistance of counsel;
(3) the defendant's attorney-client privilege;
(4) the work product privilege of the defendant's counsel;
(5) the safety of any person; and
(6) any other interest that justice may require (with the exception that for death penalty cases where the underlying alleged criminal conduct took place on or after April 19, 1995, the amount of the fees shall not be considered a reason justifying any limited disclosure).

**2. If appellate review is being pursued at the time payment is approved:** The court shall make available to the public only the amounts approved for payment in the manner described in part A unless it finds that none of the interests listed above in part B.1 will be compromised.

**C. AFTER THE APPEAL IS COMPLETED:** The court shall make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed in B.1 justify limiting disclosure to the amounts approved for payment in the manner described in part A.

**If counsel believes that any of the interests listed above in part B.1 justify limiting disclosure to the amounts approved for payment, counsel should submit to the court a written request, identifying the interests at risk and the arguments in support of providing protection, AT OR BEFORE THE TIME A CLAIM FOR PAYMENT IS MADE. Failure to do so could result in the public availability of unredacted copies of your vouchers without further notice.**

**This constitutes notice under CJA Guideline 5.01. You may NOT receive additional notice before any payment information is made available to the public.**

# *United States Court of Appeals*
# *for the Fourth Circuit*
**Court-Appointed Counsel Worksheet for Death Penalty Proceedings - Services**

Page _____ of _____

Case Number _____

| Date | Brief Description of Services | 15(b)[1] | 15(c)[2] | 15(d)[3] | 15(e)[4] | 15(f)[5] | 15(g)[6] | 15(h)[7] | 15(i)[8] | 15(j)[9] |
|------|------------------------------|----------|----------|----------|----------|----------|----------|----------|----------|----------|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **PAGE TOTAL** | | | | | | | | | | |

1. **Interviews and Conferences with Client.**
2. **Witness Interviews.**
3. **Consultation with Investigators and Experts.**
4. **Obtaining and Reviewing the Court Record.**
5. **Obtaining and Reviewing Documents and Other Evidence.**
6. **Consulting with Resource Center.**
7. **Legal Research and Writing.**
8. **Travel.**
9. **Other (Please describe).**

USCA4 Appeal: 11-3    Doc: 3-2    Filed: 03/07/2011    Pg: 8 of 8

## United States Court of Appeals
## for the Fourth Circuit

**Court-Appointed Counsel Worksheet for Death Penalty Proceedings - Expenses**

Page _____ of _____

Case Number _____

| Date | Brief Explanation of Expenses | Travel | Lodging | Meals | Other Travel Expenses | Copying | Postage | Toll Calls | Other Misc. Expenses |
|------|-------------------------------|--------|---------|-------|----------------------|---------|---------|-----------|---------------------|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| **PAGE TOTAL** | | | | | | | | | |