IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

Case No. 11-3

---

CHADRICK EVAN FULKS,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

---

**UNOPPOSED MOTION FOR AN EXTENSION OF 30 DAYS TO
FILE INITIAL BRIEF OF APPELLANT**

Appellant, Chadrick Evan Fulks, through counsel, respectfully moves the

Court to grant this request an extension of time of 30 days from the current

June 20, 2011, due date for his Initial Brief.  Counsel for the Government

(Appellee) does not oppose and consents to the granting of motion.  This motion is

being filed more than 10 days prior to the June 20 due date for Appellant's Brief.

In support, Appellant states the following:

1.     Appellant was sentenced to death in a federal prosecution in

Columbia, South Carolina.  Appellant subsequently sought §2255 relief in the

District Court.  The District Court conducted a lengthy evidentiary hearing, but

1

thereafter denied relief.  The District Court's opinion is 175 pages in length.

2.      The District Court granted a Certificate of Appealability encompassing thirty (30) issues, finding Appellant's arguments substantial and worthy of appellate review.

3.      Undersigned counsel were not counsel for Appellant at the pre-hearing investigation and briefing stages; nor did the undersigned serve as counsel at the evidentiary hearing or at the post-hearing briefing stage.  The undersigned were first appointed by the District Court as co-counsel to previously-appointed counsel at the Fed. R.Civ.P. Rule 59 motion for reconsideration (*i.e.*, motion to alter and amend) stage.  Subsequently, the Court of Appeals appointed the undersigned to serve as appellate counsel.  Previously-appointed counsel was then allowed to withdraw.  In sum, although Appellant's case had a lengthy procedural history in the District Court, the undersigned are relatively new to the case.

4.      A week ago, on June 1, 2011, Appellant's co-defendant, Brandon Basham, filed with the District Court a Motion for Collateral Relief Pursuant to 28 U.S.C. §2255.  Basham's Motion is itself 178 pages long, comprising thirty-three claims, and has attached to it an additional 550 pages of exhibits.  It would be irresponsible for counsel to file Appellant's brief in this Court without reviewing Basham's Motion and assessing the overall impact it might have on Appellant's proceedings and, particularly, on the claims upon which the District Court granted

2

a Certificate of Appealability.

5.     Appellant's counsel have just finished collecting the documents filed in codefendant Basham's case.  However, counsel have not had the opportunity to conduct the necessary review and research.  Counsel urge that the Court permit them 30 days to do so, in order for counsel to prepare a responsible appellate brief. For example, codefendant Basham's filings raise some matters that overlap with Appellant's points, but also others that appear to contradict points made by Appellant Fulks.  One such area involves the issues of which codefendant was the more dominant, whether defense counsel at these trials were ineffective in their perceptions of which codefendant was more dominant, and whether the Government made inconsistent assertions about the roles of the codefendants in these two prosecutions.  These matters include points upon which the District Court granted a Certificate of Appealability in Appellant's case.  As noted, it would be irresponsible for counsel to brief Appellant's case without first reviewing and researching the assertions of counsel for codefendant Basham on these points.

6.     As evidenced by the number of claims for which the District Court granted a Certificate of Appealability, this federal death penalty appeal raises especially important and complex issues.  The issues are not only of importance to Appellant, whose life is at stake, but also to this Court's jurisprudence in *federal*

death penalty cases, which have their own set of rules and protections.  We note that Appellant's was the first death penalty case tried in South Carolina under the contemporary federal death penalty statute.

7.    Counsel for Appellant have sought one previous extension in this appeal, which this Court graciously granted.  Appellant's Brief is currently due on June 20, 2011.

8.    Under all of these circumstances, Appellant respectfully asks this Court to grant these 30 additional days.

9.    This request is made to enable counsel to file a Brief that will aid the Court in its review and give counsel the opportunity to provide effective advocacy to Appellant.

10.    This request is made more than 10 days prior to the due date for the brief, and it is made in good faith and not predicated on an intent to delay.

11.    This request was discussed with counsel for the Government, who authorized Appellant to represent that the Government consents to and makes no objection to this motion.

WHEREFORE, Appellant respectfully requests that the Court grant this

Motion for thirty (30) days from June 20, 2011, for Appellant to file Appellant's

Initial Brief.


Respectfully submitted,

/s/ Billy H. Nolas
Billy H. Nolas, Esq.
Amy Gershenfeld Donnella, Esq.
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West - The Curtis Center
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Billy_Nolas@fd.org

Dated:   June 8, 2011

## CERTIFICATE OF SERVICE

I, Billy H. Nolas, hereby certify that on this 8th day of June, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of filing to the following:

Robert Frank Daley, Jr.
Jimmie Ewing
Robert Claude Jendron, Jr.
Jeffrey Mikell Johnson
Assistant U.S. Attorney
Office of the United States Attorney
Suite 500
1441 Main Street
Columbia, SC 29201

/s/ Billy H. Nolas
Billy H. Nolas