IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

Case No. 11-3

CHADRICK EVAN FULKS,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

**APPELLANT'S MOTION TO TOLL BRIEFING SCHEDULE PENDING DISPOSITION OF RELATED CLAIMS IN CO-DEFENDANT BRANDON BASHAM'S MOTION FOR COLLATERAL RELIEF PURSUANT TO 28 U.S.C. §2255, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE OPENING BRIEF**

COMES NOW CHADRICK EVANS FULKS, Appellant herein, by and through counsel, and asks this Court to toll the briefing schedule in his Appeal pending disposition in the District Court of claims 11, 18, and 23 contained in the Motion for Collateral Relief Pursuant to 28 U.S.C. §2255, filed on June 1, 2011, by Appellant's co-defendant, Brandon Basham. In support of this Motion, Appellant shows this Court the following:

1

1.     Mr. Fulks' case is a capital habeas corpus proceeding brought by a federal prisoner under 28 U.S.C. §2255.

2.     Mr. Fulks is a death-sentenced inmate and is currently housed at the federal prison in Terre Haute, Indiana.

3.     Mr. Fulks was indicted, along with co-defendant Brandon Basham, on federal charges in South Carolina that included the capital crimes of carjacking and kidnapping, resulting in the death of Alice Donovan. Mr. Fulks' opening appellate brief to this Court was previously due on June 20, 2011.

4.     As the Court is aware from the extension request he filed on June 6, 2011, Mr. Fulks was served electronically with co-defendant Basham's Motion for Collateral Relief ("§2255 Motion") on June 1, 2011. Basham's §2255 Motion is 168 pages long and includes an appendix that numbers more than 560 pages. Mr. Fulks applied to this Court for a 30-day extension to enable him to review Basham's submission and exhibits before finalizing his own. The Court granted Mr. Fulks' request. Mr. Fulks has conducted that review and now brings this Request to Toll Briefing as a result of matters asserted in Basham's §2255 Motion.

5.     Appellant and Basham were tried separately. Appellant pled guilty to all charges and proceeded directly to a sentencing proceeding. A jury sentenced him to death on June 30, 2004.

6.    Basham pled not guilty to the charges and was tried by a jury, which found him guilty of all charges on September 30, 2004.  His case then proceeded to a sentencing hearing at which he was sentenced to death on November 2, 2004.

7.    The Honorable Joseph A. Anderson, Jr. presided at both trials.

8.    Appellant filed his Amended Motion for Relief of Judgment Pursuant to 28 U.S.C. §2255 on October 21, 2008.  Basham's Motion for Relief was filed on June 1, 2011.  (Both motions will be referred to hereafter as "§2255 Motions.")

9.    Among the claims for relief in Mr. Fulks' §2255 Motion for which Judge Anderson granted Certificates of Appealability are two claims (Claims 18 and 19 of the Amended Motion) addressing constitutional violations occasioned  by (a) inconsistent theories argued by the Government at Fulks' and Basham's trials as to which of the codefendants actually killed the decedent, and (b) the suppression of exculpatory evidence that would have supported Appellant's defense that Basham acknowledged being the actual killer.

10.    Specifically, during Mr. Fulks' trial, defense counsel argued that admissions made by Basham to law enforcement officials were admissible to establish that Basham, and not Mr. Fulks, actually killed the decedent by strangling decedent with a purse strap.  In arguing to the trial court that these statements should be excluded, the Government repeatedly asserted  that Basham had indicated to law

3

enforcement that *Mr. Fulks* had strangled the decedent with a purse strap and maintained that the statements were ambiguous at best. As a result, the trial court ruled the statements inadmissible.

11.    At codefendant Basham's trial, however, the Government asserted in argument and presented testimony that Basham indicated clearly that it was Basham himself who had strangled the decedent with the purse strap.

12.    Having now had the opportunity to review Basham's §2255 Motion, Mr. Fulks has determined that Basham, too, has asserted constitutional violations in three separate claims (Claims 11, 18 and 26) occasioned by the Government arguing these inconsistent theories and presenting testimony by law enforcement officers that Basham's statements and conduct made clear that it was Basham himself who had physically killed the decedent.

13.    The inconsistency of the trial theories is no small matter.  The capital charges against Appellant and Basham required a finding that they had committed acts - kidnapping and carjacking - that resulted in death.  Thus, while the identity of the person who committed the physical act of killing the decedent had limited relevance to the issue of guilt in their cases, the issue of who committed the killings was a substantial factor in each jury's decision as to what punishment was warranted for each defendant.  The error committed by the trial court in allowing these

inconsistent theories to be argued, and any violation committed by the Government in arguing these inconsistent theories, was prejudicial.

14.    It is likely, given the manner in which Basham has asserted these particular constitutional claims, that he will be seeking discovery and evidentiary proceedings in conjunction with proof of those claims.

15.    Any such discovery or evidence that emerges during his §2255 proceedings, and any ruling or fact-finding made by Judge Anderson regarding these claims, is bound to be relevant to Mr. Fulks' proceedings as well.  Simply put, any evidence or factual finding crediting the Government's testimony that Basham admitted to killing the decedent would necessarily be relevant to the disposition of Mr. Fulks' claims relating to the Government's inconsistent theories.  Thus, tolling the briefing schedule to allow Basham's case to "catch up" to Mr. Fulks's case will promote efficiency and fairness for both the co-defendants and the Government in litigating these issues.  Tolling the briefing schedule will also serve the interests of judicial economy since this Court will then have before it all evidence associated with this issue for both co-defendants, as well as the benefit of Judge Anderson's fact-findings and opinions as to the legal consequences of evidentiary rulings he made at both trials, and in response to both co-defendants' post-conviction claims.

16.    Moreover, any decision by this Court regarding Mr. Fulks' claims of inconsistent theories is likely to have the effect of prejudging Basham's constitutional claims without his having had the opportunity to complete his District Court litigation.  It would, therefore, make sense to toll the entire briefing schedule until such a disposition has been reached to avoid the problem of either Mr. Fulks or the Government having to apply to this Court at a later date for supplemental briefing to address the resolution of these issues that the District Court reaches. [1]

17.    Because this is a capital case and Mr. Fulks' sentences of death stem from the same events as co-defendant Basham's sentences of death, it is critical that both cases be treated with utmost seriousness and that neither co-defendant gains an advantage over the other, simply by virtue of the timing of their cases in post-conviction.

18.    Counsel respectfully submit that it, therefore, would be appropriate in the interests of fairness and efficiency for the briefing schedule to be tolled pending the disposition by the District Court of claims 11, 18 and 26 of Basham's §2255 Motion, and that the time for filing briefs to be tolled pending this Court's ruling on this Motion.

---

[1] Counsel for Mr. Fulks has consulted with counsel for Mr. Basham and has learned that Judge Anderson will be pursuing the disposition of Basham's case in district court without undue delay.

19.    In the alternative, if this Court denies Mr. Fulks' tolling motion, Mr. Fulks respectfully requests for thirty additional days from July 20, 2011, the current filing date, in which to file his opening brief.  Since counsel last requested an extension from this Court, an execution date of July 29, 2011, has been set for one of their clients, with an accelerated briefing schedule for all remaining litigation, and related stay of execution proceedings occupying virtually all of counsel's time for the next several weeks.  Counsel make this request for a thirty-day extension of time more than ten days before their brief is currently due, and do so in good faith and not for the purpose of delay.

20.    Counsel for Mr. Fulks  has consulted with counsel for Mr. Basham. They do not oppose the entry of an Order tolling the briefing schedule as requested herein.

21.    Counsel for Mr. Fulks has also consulted with counsel for the United States. While they do oppose the entry of an Order tolling the briefing schedule, the Government does not oppose the grant of the extension of time to file Appellant's opening brief.

**WHEREFORE**, Appellant respectfully requests that this Motion be granted, and the filing of briefs in this Appeal be tolled pending disposition of the District Court of Brandon Basham's Claims 11, 18 and 26.  In the alternative, Appellant requests that the Court grant him an extension of thirty (30) days from July 20, 2011, to file his opening brief.  Appellant also requests that the current briefing schedule be tolled until this Court makes a determination whether or not to grant this Motion.

Respectfully submitted,

/s/ Billy H. Nolas
Billy H. Nolas, Esq.
Amy Gershenfeld Donnella, Esq.
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West - The Curtis Center
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Billy_Nolas@fd.org

Dated: July 8, 2011

8

# CERTIFICATE OF SERVICE

I, Billy H. Nolas, hereby certify that on this 8th day of July, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of filing to the following:

Robert Frank Daley, Jr.
Jimmie Ewing
Robert Claude Jendron, Jr.
Jeffrey Mikell Johnson
Assistant U.S. Attorney
Office of the United States Attorney
Suite 500
1441 Main Street
Columbia, SC 29201

Thomas Ernest Booth
U. S. DEPARTMENT OF JUSTICE
Room 1511
Criminal Division, Appellate Section
950 Pennsylvania Avenue, NW
Washington, DC 20530-0000

Michael Burke
Sarah Stone
Arizona Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

/s/ Billy H. Nolas
Billy H. Nolas, Esq.