IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America, ) | |
| Appellee, ) | |
| ) | |
| ) | |
| v. ) | No. 11-3 |
| ) | |
| Chadrick E. Fulks, ) | |
| Appellant. ) | |
| ) | |
| ) | |
| ) | |

RESPONSE TO FULKS' MOTION TO SUSPEND
OR EXTEND THE BRIEFING SCHEDULE

The United States opposes Fulks' motion to suspend the briefing schedule pending a decision by the district court with respect to the motion filed under 28 U.S.C. § 2255 by Brandon Basham, No. 4:02-992-JFA (D.S.C. May 31, 2011). We consent to Fulks' motion for a 30-day extension to file his opening brief.

1. Fulks and Basham were convicted at separate trials of capital murder and sentenced to death. Their convictions were affirmed on direct appeal. United States v. Fulks, 454 F.3d 410 (4th Cir. 2006), cert. denied, 551 U.S. 1147 (2007); United States v. Basham, 561 F.3d 302 (4th Cir. 2009), cert. denied, 130 S. Ct. 3353 (2010). On appeal, Basham raised a claim that the government presented inconsistent arguments about the relative roles of Basham and Fulks at their trials. This Court rejected that claim on the

ground that Basham did not preserve the issue in the district court.  Basham, 561 F.3d at 335.

2.    Fulks filed a motion to vacate his conviction under Section 2255, raising, among others, a claim that the government presented inconsistent theories at the two trials.  The district court denied the motion, including the inconsistent theories claim.  The district court granted a certificate of appealability on that and numerous other claims.  Fulks' opening brief is currently due on July 20, 2011.

On May 31, 2011, Basham filed a motion to vacate his sentence under Section 2255, also raising inconsistent theories claims.  That motion is currently pending in the district court.

3.  Fulks contends that suspension of the briefing schedule is necessary because a complete record on his inconsistent theories claim will not exist until the district court makes factual findings with respect to Basham's inconsistent theories claim.  We disagree.  The district court's ruling below and the record of the two capital trials are sufficient to evaluate Fulks' inconsistent theories claim.  The district court relied on the record of both capital trials in rejecting Fulks' inconsistent theories claim.  In our direct appeal brief in Basham, we also relied on the records of the two capital trials in urging rejection of Basham's inconsistent theories claim on the merits.  See Gov't. Brief, United States v. Basham, No. 05-05, pp. 100-102.  No additional record or judicial

ruling from Basham's upcoming case is needed here.

Furthermore, the mere possibility that the district court will enter findings in Basham's case that will be relevant to Fulks' inconsistent theories claim in this case is too insubstantial to justify an indefinite suspension of the briefing schedule.

4.  We consent to Fulks' request for an additional 30-day extension of time to file his opening brief.  This is a capital case in which the district court granted a certificate of appealability on approximately 27 issues.  That is enough to justify a further extension of time in this case.

/s/_____
THOMAS E. BOOTH
Attorney
Department of Justice

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this response to Fulks' motion for an extension of time was served on Fulks by the Fourth Circuit's ECF system:

Billy H. Nolas


Date: July 12, 2011                    /s/_____
                                       THOMAS BOOTH
                                       Attorney
                                       Appellate Section
                                       Criminal Division
                                       Department of Justice
                                       950 Pa. Avenue; Room 1511
                                       Washington, D.C.  20530
                                       (202) 514-5201
                                       Fax: 202.305-2121
                                       thomas.booth@usdoj.gov