IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America,<br>            Appellee,<br><br><br>            v.<br><br>Chadrick E. Fulks,<br>            Appellant. | )<br>)<br>)<br>)<br>)<br>)     No. 11-3<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION FOR EXTENSION TO TIME TO FILE RESPONSE BRIEF

The United States moves the Court for a 60-day extension of time, to and including December 27, 2011, within which to file its response brief, which is currently due on October 27, 2011. The reasons for this motion are as follows:

1.  In 2004, Fulks was convicted of capital crimes and sentenced to death. The judgment was affirmed on appeal. United States v. Fulks, 454 F.3d 410 (4th Cir. 2006), cert. denied, 551 U.S. 1147 (2007). In 2008, Fulks filed a motion to vacate his conviction under 28 U.S.C. 2255. In 2010, after an evidentiary hearing, the district court denied the motion. Fulks has appealed from that ruling. His opening brief was filed on September 23, 2011.

2.  This is an appeal from a collateral attack on a death sentence. It presents claims that the government argued

1

inconsistent theories at Fulks's trial and at the trial of a co-defendant, and that Fulks was denied his right to the effective assistance of counsel at various stages of his capital case, including voir dire, the guilty plea proceedings, and appeal. Thus, the record in this case is extremely large, and includes not only the record of Fulks's trial, but also the evidentiary hearing on the collateral attack, and portions of the capital trial of Fulks's co-defendant. A review of that record will take longer than the ordinary direct appeal.

3. The government's response brief will be much longer than an ordinary response brief on direct appeal. Fulks has filed an 87-page brief that raises four issues on appeal, but some of those issues have distinct sub-issues. For example, Fulks has alleged that his counsel was ineffective in failing to raise a jury instruction issue on appeal, but he has also claimed that the instructional error was compounded by the prosecutor's alleged improper argument. Thus, the government's response to Fulks's claims will have to include the legal principles and arguments applicable to jury instructions and closing argument. In addition, the response to Fulks's general ineffective-assistance claims will be unusually lengthy because it will have to include not only what counsel did, but counsel's explanation for his conduct, whether those explanations satisfied the Sixth Amendment, and whether, if there were errors, Fulks was prejudiced based on the entire record.

Finally, when I received Fulks's opening brief on September 23, 2011, I was working on other cases with earlier due dates, including multiple responses to petitions for certiorari in the Supreme Court.  Thus, I had to delay work on this appeal until my work on those cases was over.  I have made this case my first priority, and expect to file it within the extension period.

Amy Donnella, counsel for Fulks, consents to this motion for an extension of time.

/s/_____
THOMAS E. BOOTH
Attorney
Department of Justice

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of motion for an extension of time was served on Fulks by the Fourth Circuit's ECF system:

Amy G. Donnella

Date: October 17, 2011

/s/_____
THOMAS BOOTH
Attorney
Appellate Section
Criminal Division
Department of Justice
950 Pa. Avenue; Room 1511
Washington, D.C.  20530
(202) 514-5201
Fax: 202.305-2121
thomas.booth@usdoj.gov