IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America, Appellee, v. Chadrick E. Fulks, Appellant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 11-3

GOVERNMENT'S RESPONSE TO FULKS'S MOTION TO STAY THE MANDATE

The United States opposes Fulks's motion to stay the mandate pending a petition for a writ of certiorari in the United States Supreme Court.

A.   Factual Background and Proceedings Below

1.   Fulks was convicted of capital and other crimes that resulted in the deaths of Alice Donovan and Samantha Burns.  He was sentenced to death and he is currently incarcerated in the federal prison in Terre Haute, Indiana.  This Court affirmed the judgment on direct appeal.  United States v. Fulks, 454 F.3d 410 (4th Cir. 2006), cert. denied, 551 U.S. 1147 (2007).  In 2008, Fulks filed a motion to vacate his sentence under 28 U.S.C. § 2255, raising, among others, claims that his attorney rendered ineffective assistance of counsel at trial and on appeal, and that the government presented inconsistent theories of guilt at Fulks's

1

trial and at the capital trial of his accomplice, Brandon Basham. The district court denied the motion. On June 26, 2012, this Court affirmed by a unanimous vote. The court concluded that Fulks's trial counsel was not ineffective at trial or on appeal, and that, in any event, Fulks was not prejudiced under Strickland v. Washington, 466 U.S. 668 (1984). It also ruled that the government did not present inconsistent theories at the trials of Fulks and Basham. United States v. Fulks, 683 F.3d 512 (4th Cir. 2012).

2. Fulks had to file any petition for rehearing or rehearing en banc by August 10, 2012, 45 days after this Court's decision. See Fed. R. App. P. 35(c), 40(a)(1). Fulks did not file a rehearing petition. Instead, on August 17, 2012, he filed a motion to stay the mandate pending a petition for a writ of certiorari. That same day, this Court granted the motion. See United States v. Fulks, Appeal 11-3; Doc: 69. But immediately thereafter, the Court ordered the government to respond to Fulks's motion. Id. at Doc: 70.

The 90-day time limit for filing a petition for a writ of certiorari under Rule 13 of the Rules of the Supreme Court expires on September 24, 2012.

B. Legal Discussion

Under Fed. R. Crim. P. 41(d)(2), this Court has discretion to grant a stay of the mandate for a period not to exceed 90 days when the party seeking the stay shows "that the certiorari petition

would present a substantial question and that there is good cause for a stay."

The Supreme Court has generally defined a "substantial question" justifying a stay of the mandate as a question on which there is a "reasonable probability" that the Supreme Court will grant certiorari, a "fair prospect" that the Court will reverse the decision below, and a "likelihood that irreparable harm" will result from the denial of a stay. Maryland v. King, 2012 WL 3064878 *1-*2 (U.S. July 30, 2012) (Roberts, C.J., in chambers); Areneta v. United States, 478 U.S. 1301, 1303 (1986) (Burger, C.J. in chambers). A stay is appropriate "only in those extraordinary cases where the appellant is able to rebut the presumption that the decision[] * * * is correct." Rostker v. Goldberg, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers). See Beaver v. Netherland, 101 F.3d 977, 978 (4th Cir. 1996) (opinion of Widener, J.).

As to the merits, Fulks's conclusory assertion (Motion at 2 ¶ 7) that "this case presents significant matters that are worthy of the Supreme Court's consideration" falls well short of demonstrating that the Supreme Court would probably grant his petition and reverse this Court's decision. Fulks does not allege, much less establish, that this Court misapplied any of the Supreme Court's ineffective assistance of counsel cases in analyzing his claims, or that this Court's rejection of his "inconsistent theories" claim is anything but a fact-bound decision that is

confined to his case and to Basham's case.  Compare King, supra (Supreme Court granted stay where the party seeking a stay established that the decision below conflicted with the decisions of other courts of appeals).  For those reasons alone, this Court should deny Fulks' motion.

As to "good cause," Fulks will not be harmed by the lack of a stay of the mandate pending the filing of a petition for certiorari.  Fulks is not facing execution anytime soon.  The Director of the Federal Bureau of Prisons has yet to set an execution date for Fulks pursuant to 28 C.F.R. § 26.3 (July 1, 2011 ed.), as an execution date is not normally set until a capital defendant's appeals have been pursued.  See Commentary to 28 C.F.R. § 1.10, 65 Fed. Reg. 48379 (2000).  The Commentary further notes that, when the Director sets an execution date, the date set will allow adequate time for Fulks seek executive clemency pursuant to 28 C.F.R. § 1.10.  In sum, contrary to Fulks (motion at 2 ¶ 7), a stay is not necessary to "maintain the status quo," because the status quo will undoubtedly be maintained at least until all of Fulks's legitimate appeals have become final under law.

4

The United States requests the Court to deny Fulks's motion.

Respectfully submitted.

/s/_____
THOMAS E. BOOTH
Attorney
Department of Justice

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this response to Fulks's motion for to stay the mandate was served on Fulks by the Fourth Circuit's ECF system:

Billy H. Nolas


Date: August 24, 2012                    /s/_____
                                         THOMAS BOOTH
                                         Attorney
                                         Appellate Section
                                         Criminal Division
                                         Department of Justice
                                         950 Pa. Avenue; Room 1511
                                         Washington, D.C.  20530
                                         (202) 514-5201
                                         Fax: 202.305-2121
                                         thomas.booth@usdoj.gov